# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1408
_____

United States of America

*Plaintiff - Appellee*

v.

Elmer Wayne Zahn

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Northern
_____

Submitted: October 21, 2022
Filed: March 23, 2023
_____

Before KELLY, WOLLMAN, and KOBES, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

Elmer Wayne Zahn entered a conditional guilty plea to possessing with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). He appeals the district court's[1] denial of his motion to suppress evidence. We affirm.

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota, adopting the Report and Recommendation of the Honorable Mark A. Moreno, United States Magistrate Judge for the District of South Dakota.

Zahn was released on bond after being charged with state-law violations in Brown County, South Dakota. A July 18, 2019, magistrate-judge-issued warrant for Zahn's arrest was delivered to the sheriff's office for service. After Zahn pleaded guilty to a misdemeanor on July 29, 2019, the remaining charges were dismissed. The deputy clerk sent an email to two sheriff's office employees the next day, asking that the warrant be returned to the clerk's office. The warrant was not returned, however, and remained in the sheriff's office's computer system and on file.

Office Manager Kathy Neitzel, who had worked in the sheriff's office for more than thirty years, was responsible for handling warrants throughout her tenure there. Neitzel explained how the sheriff's office handled warrants upon their receipt. She or a co-worker entered the warrant into the computer system, placed it into a folder, and filed it with the other recently issued warrants. If a warrant was recalled, Neitzel or a co-worker would pull the warrant from the file, remove it from the computer system, and send it to the office that had recalled it. Although she had received the email recalling Zahn's warrant, Neitzel could not explain why it had not been removed from the computer system or returned to the clerk's office.

Deputy Sheriff Scott Kolb had also worked in the sheriff's office for more than thirty years. He spent most of his time working warrants and thus regularly reviewed the file containing the recently issued warrants. Kolb had seen the June 18 warrant for Zahn's arrest and had tried to serve it on him. On November 7, 2019, Kolb drove past Zahn's Aberdeen apartment and spotted a man he believed to be Zahn. Kolb pulled up Zahn's information on his in-car computer, which displayed a photo of Zahn, as well as a red bar indicating an active warrant.

Kolb exited his patrol car and approached Zahn. After a brief struggle, Kolb took Zahn to the ground, where he was eventually handcuffed. A pat-down search revealed, among other things, drug paraphernalia and a chewing-tobacco container that held five plastic baggies of methamphetamine.

After delivering Zahn to jail staff, Kolb retrieved the warrant from the sheriff's office's file, signed it, gave it to jail staff, and gave a copy to Zahn. Kolb thereafter obtained a warrant authorizing a search of Zahn's apartment, during which the execution thereof resulted in the discovery of additional methamphetamine and other evidence of drug distribution. Zahn was eventually released, and a warrant was later issued relating to the November 7 incident.

Investigator Wes Graff and other law enforcement officers were dispatched to an Aberdeen hotel on November 23, 2020. After officers resolved the issue, hotel staff requested further assistance with an unrelated commotion in one of the hotel's rooms. Graff went to the room and saw Zahn and three other occupants therein. Knowing that Zahn and two of the other occupants had active arrest warrants, Graff entered the room, handcuffed Zahn, and saw drug paraphernalia lying on the floor. During the subsequent warrant-authorized search of the room, officers discovered methamphetamine, heroin, and other evidence of drug distribution.

A federal grand jury returned an indictment that charged Zahn with drug offenses stemming from the November 7, 2019, and the November 23, 2020, arrests and related searches. Zahn moved to suppress the evidence, arguing that it should be excluded as fruits of his unconstitutional November 7 arrest. Neitzel, Kolb, and Graff testified during the suppression hearing, following which the district court denied the motion after declining to apply the exclusionary rule.

"The Fourth Amendment forbids 'unreasonable searches and seizures,' and this usually requires the police to have probable cause or a warrant before making an arrest." Herring v. United States, 555 U.S. 135, 136 (2009). Kolb had neither when he arrested Zahn. Accepting the parties' assumption that the November 7, 2019, arrest violated Zahn's Fourth Amendment rights, we must determine whether the district court should have applied the exclusionary rule. In doing so, we review for clear error the court's findings and *de novo* its conclusions of law. United States v. Szczerba, 897 F.3d 929, 936 (8th Cir. 2018).

In <u>Herring</u>, the Supreme Court considered circumstances similar to those presented here. An officer arrested the defendant after being told that there was an active warrant. A search incident to arrest revealed contraband. The warrant had been recalled five months earlier, however. "For whatever reason, the information about the recall of the warrant . . . did not appear in the database." 555 U.S. at 138. The county warrant clerk soon realized the error, but by the time the officer was alerted, the defendant had already been arrested and searched.

The Court held that the exclusionary rule does not apply when "an officer reasonably believes there is an outstanding arrest warrant, but that belief turns out to be wrong because of a negligent bookkeeping error by another police employee." <u>Id.</u> at 137. The Court explained that "the exclusionary rule serves to deter deliberate, reckless, or grossly negligent conduct, or in some cases recurring or systemic negligence." <u>Id.</u> at 144. The error in <u>Herring</u> was the result of mere negligence, and thus any marginal benefit of suppressing evidence "obtained in objectively reasonable reliance on a subsequently recalled warrant" did not "justify the substantial costs of exclusion." <u>Id.</u> at 146 (second quotation from <u>United States v. Leon</u>, 468 U.S. 897, 922 (1984)).

Zahn argues that his unconstitutional arrest stemmed from the Brown County Sheriff's Office's reckless conduct, *i.e.*, its failure to establish any procedure to handle recalled warrants. Zahn contends that the office should have implemented a review system, suggesting that "[a] simple, routine process of a weekly review would have caught the error." Appellant's Br. 9.

Neitzel's and Kolb's testimony regarding the sheriff's office's procedure for handling warrants revealed "no evidence that errors in [Brown County's] system are routine or widespread." <u>See</u> <u>Herring</u>, 555 U.S. at 147. As recounted above, Neitzel explained that after receiving phone or email notification of a warrant's recall, she or a co-worker would remove the warrant from the file and the computer system and return it to the appropriate office. When asked how often she or her co-workers had

-4-

failed to remove a recalled warrant, Neitzel replied, "Very rarely." Similarly, Deputy Kolb testified that he had no doubt that Zahn's warrant was valid when he saw it in his in-car computer system. Both Neitzel and Kolb testified that there likely had been occasions during their decades-long careers with the sheriff's office when a warrant was not removed after it was recalled. Neither could point to any specific incidents, however, in which a recalled warrant was not removed or in which a defendant had been arrested on a recalled warrant. On this record, then, we conclude that it was employee negligence—not reckless disregard of constitutional requirements—that resulted in the failure to remove Zahn's recalled warrant from the file and the computer system.

Like the officer in Herring, Kolb wrongly but reasonably believed that there was an outstanding warrant for Zahn's arrest. Neitzel's and her co-worker's negligent conduct "was not so objectively culpable as to require exclusion" of the evidence garnered after Zahn's arrests. See Herring, 555 U.S. at 146; id at 147–48 ("[W]hen police mistakes are the result of negligence such as that described here, rather than systemic error or reckless disregard of constitutional requirements, any marginal deterrence does not 'pay its way.'" (quoting Leon, 468 U.S. at 907–08 n.6)).

In light of our conclusion that the exclusionary rule does not apply, we need not consider the government's alternate ground for admission of the evidence, *i.e.*, that Zahn's resistance to his illegal arrest furnished grounds for a second, legitimate arrest. See United States v. Schmidt, 403 F.3d 1009, 1016 (8th Cir. 2005).

The judgment is affirmed.

_____